IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

GREGORY HEICHELBECH
N21 W29766 W. Glen Cove Road
Pewaukee, Wisconsin 53072

        Plaintiff,

vs.                                        Case No. **14 CV 844**

TRIUMPH MOTORCYCLES
(AMERICA) LTD
100 Hartsfield Centre Parkway, Suite 200
Atlanta, Georgia 30354

        Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action by Gregory Heichelbech against Triumph Motorcycles (America) LTD, for breach of Triumph's employment contract with Heichelbech, its former Chief Executive Officer. The parties entered into an employment agreement in October 2010, which required, among other things, that any party intending to terminate the employment relationship provide the other six months' notice of such intent. The parties operated under that agreement until June 18, 2014, at which time Triumph summarily terminated Heichelbech's employment without providing him any prior notice of same. Thereafter, Triumph has failed and refused to perform its obligations to Heichelbech, including payment of the salary owed to him

under that agreement. In addition, Triumph has illegally attempted to obligate Heichelbech to enter into a covenant not to compete with Triumph, after firing him, as a condition precedent to receipt of the benefits Triumph already owes him under the employment agreement.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1332, in that this is an action by a citizen of one state, Wisconsin, against a citizen of another, Georgia, for breach of a contract with a value to Plaintiff in excess of $75,000.00.

3. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391 because at all material times Plaintiff has been a citizen of and has resided in Pewaukee, Wisconsin. In addition, Plaintiff was physically present in this judicial district when he executed the employment agreement out of which this action arises.

## PARTIES

4. Plaintiff, Gregory Heichelbech, is a citizen of the state of Wisconsin and at all material times has resided at N21 W29766 W. Glen Cove Road, Pewaukee, Wisconsin.

5. Defendant, Triumph Motorcycles (North America) LTD ("Triumph"), is a Georgia corporation with its principal place of business at 100 Hartsfield Centre Parkway, Suite 200, Atlanta, Georgia. Triumph is a citizen of the state of Georgia.

## FACTUAL ALLEGATIONS

6. On October 19, 2010, Triumph made a written offer employment to Heichelbech to serve as Triumph's Chief Executive Officer. A true and correct copy of that offer is attached hereto as **Exhibit A**.

7. Triumph's offer of employment to Heichelbech contained the following provision:

> **Notice:** The Company will require months (sic) notice in writing. The Company will commit to you 6 months (sic) notice in the case that your employment is terminated.

8. On October 26, 2010, Heichelbech accepted Triumph's offer of employment by counter-signing same, and by returning his signed acceptance to Triumph, by facsimile, from Pewaukee, Wisconsin. A true and correct copy of Heichelbech's faxed acceptance is attached hereto as **Exhibit B**.

9. On and after October 26, 2010, the parties operated under the above-identified employment agreement, and at no time signed any other agreement, including any agreement that imposed on Heichelbech a post-employment covenant not to compete should either party terminate that agreement.

10. On June 18, 2014, Triumph terminated Heichelbech's employment by letter, a true and correct copy of which is attached hereto as **Exhibit C.**

11. Triumph did not give Heichelbech six months' notice of termination prior to giving him the June 18, 2014 letter.

12. Moreover, despite the fact that the parties had no employment agreement other than that comprised by Exhibits A and B, *supra*, Triumph's June

3

18, 2014 letter of termination purported to condition its ongoing obligations to Heichelbech under the employment agreement on his agreement that:

   a. he will not work on behalf of any direct competitor of Triumph in a managerial, sales or marketing role within the United States, or for a company that has a direct contractual relationship with Triumph or any affiliate; and

   b. he will forfeit his six months' salary and other benefits under the employment agreement should he obtain comparable employment during the six month post-termination period.

13.  Heichelbech refused and has continued to refuse to accept the restrictions Triumph has unilaterally placed on its obligation to perform under the employment agreement and, for that reason, Triumph has paid Heichelbech no salary after June 18, 2014.

14.   The value of six month's salary under the parties' employment agreement is $250,000.00.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

15.  Paragraphs 1-14 of this Complaint are reincorporated as though set forth here in full.

16.  The parties entered into an employment agreement on October 26, 2010, upon Heichelbech's acceptance of Triumph's offer of employment. Other compensation and benefits promised to Heichelbech in the agreement have value in addition to that salary.

4

17. Triumph's June 18, 2014 termination of Heichelbech's employment, with no notice to him, breached its promises to Heichelbech under that agreement.

18. Triumph's ongoing failure to pay Heichelbech's salary and other benefits under the employment agreement because Heichelbech would not and will not agree to the extra-contractual conditions described in paragraph 12 of this Complaint, *supra*, constitutes a breach of that agreement.

19. Triumph's breach of the parties' employment agreement has damaged Heichelbech.

## SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

20. Paragraphs 1-19 of this Complaint are reincorporated as though set forth here in full.

21. The parties at no time signed an agreement restricting Heichelbech's professional or other employment opportunities following his employment with Triumph.

22. Triumph's attempt to limit Heichelbech's employment opportunities following his June 18, 2014 termination, including without offering or providing him consideration beyond that which Triumph already owes him under the employment agreement, constitutes an attempt to impose an illegal covenant not to compete in violation of Wis. Stat. §103.465.

## REQUEST FOR RELIEF

WHEREFORE, Heichelbech requests the following relief:

1) An order finding that Triumph has breached its employment agreement with Heichelbech, in the manners described in this Complaint, and in such other manners as may appear after the trial of this action;

2) An order declaring that Triumph's actions, as described in this Complaint, violate Wis. Stat. § 103.465;

3) A judgment in Heichelbech's favor awarding him any and all damages he has suffered as a result of Triumph's breach of the employment agreement;

4) A judgment awarding Heichelbech his attorney's fees and the costs of this action;

5) such other and further legal and equitable relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated this 17th day of July, 2014.

> **HAWKS QUINDEL, S.C.**
> *Attorneys for the Plaintiff*
>
> By: /s/ Aaron N. Halstead
> Aaron N. Halstead
> Email: ahalstead@hq-law.com
> Caitlin M. Madden
> Email: cmadden@hq-law.com
> 222 West Washington Avenue, Suite 450
> P.O. Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: 608/257-0040
> Facsimile: 608/256-0236

6